IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:18-cr-242-ECM |
| | ) | (WO) |
| KEVIN DANGELO DORSEY | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* "motion for compassionate release" (doc. 62) which the Court construes as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(a)(1)(A). Dorsey asserts that there are extraordinary and compelling reasons that qualify him for a sentence reduction.[1] Specifically, Dorsey contends that he has underlying health conditions that make him more susceptible to COVID-19, and thus, a reduction of his sentence is warranted. The United States opposes the motion. (Doc. 68).

---

[1] To the extent that Dorsey seeks release to home confinement pursuant to the CARES Act due to the COVID-19 pandemic (doc. 62 at 2), the Court has no authority to order the Bureau of Prisons to change the Defendant's current place of incarceration. "A defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Grant*, 2020 WL 3899192, *1 (S.D. Ga. July 10, 2020); *United States v. Allen*, 2020 WL 2199626 (S.D. Ga. May 6, 2020) ("[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release."). The decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2)(the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order. *See Allen*, 2020 WL 2199626 at 1; *United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. Apr. 22, 2020). The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the 'exclusive authority and sole discretion to designate the place of an inmate's confinement,' including home confinement." *Id.*

After careful consideration of the motion, the Court concludes that Dorsey's motion is due to be denied.

On November 16, 2018, the Defendant entered a guilty plea to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. 43). On March 7, 2019, Dorsey was sentenced to a term of 81 months of imprisonment which consisted of 21 months on the possession with intent to distribute count and 60 months to be served consecutively to the possession of a firearm count. (Doc. 58). Dorsey's current projected release date from the Bureau of Prisons ("BOP") is March 24, 2024. (https://www.bop.gov/inmateloc/ last visited Oct. 13, 2020).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition

"that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (iii) the advanced age of the defendant; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

Dorsey alleges that he is entitled to a sentence reduction because he has underlying health conditions which increase his chances of developing serious COVID-related issues. Dorsey also alleges that the BOP inadequately responded to the pandemic and argues that these conditions combine to constitute "extraordinary and compelling" reasons justifying a reduction in his sentence.

A defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The United States concedes that Dorsey has exhausted his administrative remedies. (Doc. 68 at 6, n.1). Thus, the Court concludes that Dorsey properly pursued administrative relief and, thus, has exhausted his administrative remedies.

Because Dorsey has exhausted his administrative remedies, the Court now considers whether the COVID-19 pandemic, coupled with Dorsey's medical condition, are sufficiently extraordinary and compelling to warrant reducing his sentence. In support of his motion for a reduction in sentence, Dorsey submitted BOP health services reports

indicating he has had coughing, chest pain, back pain, and sinusitis since he has been incarcerated. (Doc. 62-8). The evidence submitted in support of his motion demonstrates that Dorsey's medical condition is not as severe as he alleges. Further, Dorsey provides no evidence that he cannot adequately be treated in prison. In fact, the evidence shows that Dorsey has received medical treatment during his incarceration, including clinical evaluations and medication. Dorsey bears the burden of demonstrating that his circumstances are extraordinary and compelling to warrant relief. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Dorsey's conclusory allegations that he is at greater risk due to various health-related issues, without more, are simply insufficient to meet his burden of demonstrating extraordinary and compelling reasons. The Court concludes that Dorsey has failed to establish that the COVID-19 pandemic coupled with his medical condition constitute extraordinary and compelling reasons that warrant a sentence reduction. To the extent that Dorsey contends that the BOP inadequately responded to the pandemic and such response constitutes an extraordinary and compelling reason to reduce his sentence, the Court disagrees. While the existence of COVID-19 cases in the BOP is concerning, its presence alone is not an extraordinary and compelling reason that warrants a sentence reduction. Indeed, COVID exists outside the BOP, so that the presence of cases alone is not extraordinary. The government produced evidence regarding the BOP's response to the pandemic, and the Court concludes that Dorsey's argument that the response was inadequate fails.

Furthermore, before granting a sentence reduction, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a).  These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant.  *See* 18 U.S.C. § 3583(e)(1) and § 3553(a).  The Court now turns to the sentencing factors to determine whether a reduction in sentence is warranted and is in the interest of justice.

In considering the nature and circumstances of the offenses, coupled with the need to protect the public and the need for deterrence, the Defendant argues that he "has completed more than 30 months of his 81 month sentence, which is time enough to learn a valuable lesson about accepting responsibility and respect for the law."  (Doc. 62 at 13). The Defendant entered a guilty plea, pursuant to a plea agreement, to possession with intent to distribute a controlled substance and possession of a firearm by a convicted felon.  When the Defendant was arrested on these charges in 2018, he fled from and eluded police twice. When he was arrested, the Defendant was found in possession of a loaded pistol and cocaine.

At the time of his sentencing, Dorsey had at least 20 adult criminal convictions, including a conviction for escape.  Dorsey has multiple convictions for offenses involving controlled substances and firearms.  In addition, the Court noted that Dorsey had previously been convicted in this Court of being a felon in possession of a firearm.  Based on the Defendant's criminal history and lack of respect for the law, the Court sentenced Dorsey to 21 months on the possession with intent to distribute charge and 60 months to be served

5

consecutively on the possession of a firearm by a convicted felon charge.  Dorsey submits that the time he has served is sufficient to teach him "a valuable lesson about accepting responsibility and respect for the law." (Doc. 62 at 13).  While the Court acknowledges and appreciates Dorsey's representation, the Court does not consider it in a vacuum.  Instead, the Court views Dorsey's words in the context of his previous actions and determines that he fails to offer cogent reasons why the interests of justice warrant a reduction in his sentence.  The Court concludes that a reduction in sentence is not warranted at this time due to the Defendant's history and characteristics, the nature and circumstances of the offenses, to deter the Defendant and others from engaging in illegal activity, and to protect the public from further crimes of the Defendant.  The Court further concludes that a sentence reduction is not in the interest of justice.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion to reduce sentence (doc. 62) is DENIED.

DONE this 14th day of October, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE